Igor SEMJONOV, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73583.
Agency No. A75–645–480.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2003.*

Decided Dec. 10, 2003.

William D. Evans, Brian W. Kellogg,
Pasadena, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

MEMORANDUM**

Petitioner Igor Semjonov petitions for review of the Board of Immigration Ap-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

peals' ("BIA") affirmance without opinion of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We thus review the IJ's decision as the final agency determination. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999). The IJ held that Semjonov did not establish eligibility for relief because he was not credible. Alternatively, the IJ held that even if Semjonov were credible, he did not show that he was persecuted "on account of" his religion or nationality. We review for substantial evidence and uphold the IJ's decision unless the evidence compels a contrary result. *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The IJ held that Semjonov's asylum application was barred because he failed to file it within one year of entry into the United States. 8 U.S.C. § 1158(a)(2)(B). Semjonov does not seem to challenge that determination, and the Court lacks jurisdiction to review the IJ's determination that Semjonov failed to file his asylum application within one year as required by statute. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). We conclude that Semjonov has likewise abandoned his claim under the Convention Against Torture, because he does not argue that he would face torture if returned to Estonia. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001). Thus, we review only his claim that he is entitled to withholding of removal.

Assuming *arguendo* that Semjonov is credible, he did not establish that he is entitled to withholding of removal. The Attorney General must, subject to limited exceptions, withhold removal if he "determines that such alien's life or freedom would be threatened ... on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h). In order to be entitled to withholding of removal, Semjonov must demonstrate that it is more likely than not that he will be persecuted upon removal. *INS v. Stevic*, 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). This standard is more stringent than the well-founded fear standard for asylum. *Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir.1993). Based upon the record, we cannot conclude that the evidence compels the conclusion that Semjonov more likely than not would be persecuted on account of his religion or nationality if he were returned to Estonia. Therefore, the petition for review is **DENIED.**